**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

SHAWNA E. GBOSSOU,              :
               Plaintiff,              :
                                                      :
               v.              :    Civil No. 5:24-cv-06658-JMG
                                                      :
UNITED STATES OF AMERICA,              :
               Defendant.              :

---

**MEMORANDUM OPINION**

**GALLAGHER, J.**                                            **August 12, 2025**

## I.    OVERVIEW

Plaintiff Shawna Gbossou ("Plaintiff") filed a lawsuit against the United States Postal Service ("USPS") alleging that a postal worker improperly delivered her mail. Her claim is governed by the Federal Tort Claims Act ("FTCA"), which allows private parties to sue the federal government and its employees acting within the scope of their employment. Plaintiffs must comply with the provisions of the FTCA for a district court to have subject matter jurisdiction over their claim. Two of these provisions are: (1) that a plaintiff must exhaust their administrative remedies by bringing their claim to the appropriate federal agency before filing a lawsuit and (2) that a plaintiff may not bring claims arising from the negligent transmission of mail. Plaintiff did not present her claim to USPS before filing her lawsuit, and her cause of action arises from the misdelivery of her mail. Both of these facts preclude the Court from hearing her case.

## II.    BACKGROUND

Plaintiff filed a Complaint against USPS in the Magisterial District Court in Berks County, Pennsylvania, on November 14, 2024. She alleges in her Complaint that an unidentified postal worker delivered her mail to a different tenant. ECF No. 1 at Ex. A. This misdelivery caused

1

Plaintiff to miss an appointment, which then led her to lose unspecified benefits. *Id*. Plaintiff claims

she suffered a financial burden and has experienced depression due to the misdelivery. *Id*.

The Government, arguing on behalf of USPS, reports that USPS received notice of the

Complaint on November 20, 2024. ECF No. 1 at 1, ¶ 3. The Government subsequently filed, and

mailed to Plaintiff, a Notice of Removal on December 13, 2024, pursuant to 28 U.S.C.

§ 1442(a)(1), which brings the case before the Court. *Id*. at 3, ¶ 13. On February 10, 2025, the

Government then filed a Motion to Dismiss for Lack of Jurisdiction. ECF No. 6. The Government

contends that the Court does not have subject matter jurisdiction to hear Plaintiff's claims under

the FTCA. *Id*. at 1. Plaintiff filed a reply to the Government's Motion, asserting that she does have

jurisdiction as a sovereign. ECF No. 10. She further notes that she would like to exhaust her

administrative remedies and present her claim before the Court. *Id*.

## III.    LEGAL STANDARD

Federal courts are required to dismiss cases in which they do not have subject matter

jurisdiction. Fed. R. Civ. P. 12(b)(1). A challenge to a court's subject matter jurisdiction may be

facial or factual. A facial attack challenges a deficiency in the opposing party's pleading and a

factual attack challenges "the actual failure of [a plaintiff's] claims to comport [factually] with the

jurisdictional prerequisites." *Lincoln Ben. Life Co. v. AEI Life LLC*., 800 F.3d 99, 105 (3d Cir.

2015) (quoting *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008)) (internal quotation marks

and other citations omitted). In considering factual challenges, trial courts have substantial

authority to weigh evidence when determining whether they have jurisdiction to hear a case. *See*

*Mortensen v. First Federal Sav. and Loan Ass'n*, 542 F.2d 884, 891 (3d Cir. 1977). The plaintiff

carries the burden of establishing that a court has subject matter jurisdiction to hear a case. *See id*.

Moreover, a document filed by a *pro se* plaintiff is to be "liberally construed" and "must be held

to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1977)) (internal quotation marks omitted); *cf.* Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice.").

## IV.    DISCUSSION

District courts have exclusive jurisdiction over all claims that are brought against the United States in which the plaintiff alleges personal injury and claims for monetary damages. 28 U.S.C. § 1346(b)(1). The FTCA provides the exclusive remedy for negligence actions between a private party and any federal government agency or its employees acting within the scope of their employment. 28 U.S.C. § 2679(b)(1).

The Government presents a two-pronged argument in its Motion for why the Court lacks subject matter jurisdiction. The Government first asserts that Plaintiff's suit may not proceed because she failed to exhaust her administrative remedies before bringing a lawsuit in federal court. The Government further argues that Plaintiff's claim is precluded by the "postal matter exception." The Court agrees with each of these arguments.

### A.  Plaintiff's Lawsuit Is Premature Because She Has Not Presented Her Claim to USPS

The Government argues that Plaintiff's claim is barred because she failed to exhaust all administrative remedies as required by 28 U.S.C. § 2675. A plaintiff's claim for monetary damages against the United States, or an employee of the United States acting within the scope of their official duties, may not be brought unless the plaintiff has already presented the claim to the appropriate federal agency. 28 U.S.C. § 2675(a). The "appropriate federal agency" in the present matter is USPS. Prior to invoking the judicial process, the claim must also have been "finally denied" by the federal agency within six months of its presentation to that agency. *Id*. Further, the

presented claim must contain a clearly defined, or "sum certain," request for monetary damages related to the injury. 28 CFR § 14.2. As the Government notes in its Motion, strict adherence to these provisions is required for such a suit to proceed in district court. ECF No. 6 at 5. Without strict adherence, the Court has no choice but to dismiss a case because it lacks subject matter jurisdiction.

*McNeil v. United States* is instructive. 508 U.S. 106 (1993). In that case, the Supreme Court of the United States held that the language contained in 28 U.S.C. § 2675(a) is unambiguous. *Id*. at 111. The Court also explained that seeking relief through the judicial system was premature when the petitioner neither presented their claim to the federal agency responsible for the alleged cause of action, nor received a final denial of their claim from that agency. *Id*. Further, the Third Circuit has found that when a party provides a claim to the appropriate federal agency, but the claim does not include a sum-certain request for relief, a district court must dismiss the case for lack of subject matter jurisdiction. *White-Squire v. U.S. Postal Service*, 592 F.3d 453, 457-58 (3d Cir. 2010). A plaintiff must strictly adhere to all of these requirements because the FTCA is a waiver of the government's sovereign immunity. *Livera v. First Nat. State Bank of New Jersey*, 879 F.2d 1186, 1194 (3d Cir. 1989) (other citations omitted). Administrative remedies are vitally important to the preservation of judicial economy. These remedies prevent courts from being inundated with litigation by allowing federal agencies to resolve claims. Although a singular case does not impose a sizeable burden, the statutory requirements cannot be side-stepped in any situation. *McNeil*, 508 U.S. at 112.

Here, there is no evidence that Plaintiff has taken the necessary steps to exhaust her administrative remedies. In fact, there is no indication that Plaintiff presented any claim to USPS, let alone a Complaint containing a sum-certain request for relief. Without presentation of the claim,

there inherently could be no "final denial" of the claim as is required by 28 U.S.C. § 2675(a). Plaintiff seemingly concedes that she has not exhausted her administrative remedies in her response: "I would like to exhaust my administrative remedies." ECF No. 10. Moreover, the Government supports its position that Plaintiff has yet to exhaust her administrative remedies by providing a declaration from Kimberly A. Herbst, the Manager of the Tort Program and Adjudication for the USPS National Tort Center. ECF No. 6, Decl. of Kimberly A. Herbst. Ms. Herbst declares that she can search a national database of all FTCA-compliant tort claims that the USPS receives. *Id*. She further swears that she searched the database for any and all claims received by Plaintiff, which yielded no results. *Id*.

A document filed by a *pro se* plaintiff "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (quoting *Estelle*, 429 U.S. at 106) (internal quotation marks omitted); *cf.* Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice."). But the rules governing civil litigation cannot be side-stepped by parties who proceed without counsel. *McNeil*, 508 U.S. at 113. No matter what leeway can be afforded, Plaintiff neglected her obligation to present a claim to the USPS before invoking the judicial process. For this reason, the Court does not have subject matter jurisdiction over her claim, and the case must be dismissed.

Plaintiffs must exhaust their administrative remedies within two years of the events giving rise to their legal claim. 28 U.S.C. § 2401. It is unclear whether Plaintiff is still able to exhaust her administrative remedies because she did not provide the Court with a specific date for when the misdelivery took place. ECF No. 1 at Ex. A. The Court will dismiss the matter without prejudice so that she may exhaust her remedies *if* the statute of limitations has not expired. *Wadhwa v. Nicholson*, 367 Fed. App'x 322, 326 (3d Cir. 2010) ("When the District Court dismissed

Appellants' complaint, it did so without prejudice and with the express recognition that Appellants may re-file their complaint after the claims contained therein have been properly exhausted. We agree with the District Court's disposition.") (internal quotation marks omitted).

### B. Plaintiff's Claim Is Precluded by the "Postal Matter Exception" to the FTCA

The Government further argues that even if Plaintiff had exhausted all administrative remedies, the Court still does not have subject matter jurisdiction over this case because of the exception to the FTCA provided in 28 U.S.C. § 2680(b). The Court also agrees with this argument.

As previously mentioned, the FTCA waives the government's sovereign immunity and allows plaintiffs to bring negligence claims against federal employees operating within the scope of their employment. 28 U.S.C. § 1346(b)(1). But there are exceptions to the waiver provided by § 2680(b). Specifically, § 2680(b) clarifies that "any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter" may not be brought in district court. The Supreme Court had an opportunity to interpret this subsection and specifically define the parameters of when the government retains sovereign immunity and thus cannot be sued based on the conduct of postal workers. *See Dolan v. U.S. Postal Service*, 546 U.S. 481 (2006). In *Dolan*, the Court explained: "We think it more likely that Congress intended to retain immunity . . . only for injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address." *Id*. at 489.

It appears that Plaintiff's claim arises from the misdelivery of her mail. Her Complaint indicates that a postal worker provided her mail to another tenant, which produced a series of consequences, causing her to suffer financial injury and depression. ECF No. 1 at Ex. A. This cause of action represents the type that is excluded from the government's waiver of sovereign immunity under the FTCA. The Supreme Court has identified four overlapping situations that

cannot be resolved in federal court: (1) mail that does not arrive, (2) mail that arrives late, (3) mail that arrives in a damaged condition, and (4) mail that arrives at the wrong address. *Dolan*, 546 U.S. at 489. The facts alleged in Plaintiff's Complaint, taken as true, fall squarely into the last category. ECF No. 1 at Ex. A.

While Plaintiff's reply to the Government's Motion raises claims of mail fraud, there are no additional facts provided. Rather, Plaintiff provides only conclusory statements, which do not support the notion that she has a claim which can be heard in federal court. ECF No. 10. The only identifiable allegation at issue is the conduct which is precisely excluded by § 2680(b). The postal worker, unfortunately, delivered her mail to another tenant, thereby constituting a delivery of mail to the wrong address. Thus, the Court does not have subject matter jurisdiction to hear Plaintiff's case.

## V.    CONCLUSION

For the reasons presented above, Defendant's Motion to Dismiss is granted**.** An appropriate order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge